UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JASON L. HOLLEY          ]
    Plaintiff,           ]
                         ]
v.                       ]     No. 3:11-0348
                         ]     Judge Campbell
JEAN McCORMACK, et al.   ]
    Defendants.          ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 against Jean McCormack and six fellow Metropolitan Nashville police officers; D. Scott Wilder, an attorney; and Amy Eisenbeck, a Davidson County prosecutor; seeking injunctive relief and damages.

On December 18, 2008, the defendant police officers arrested the plaintiff pursuant to a non-drug related warrant. In conjunction with the arrest, the officers searched the plaintiff's person, vehicle and residence. Cocaine was found in the vehicle.

In addition to the charge already listed in the warrant, the plaintiff was charged with possession of a controlled substance with the intent to sell, and unlawful possession of drug paraphernalia.

Wilder was appointed by the court to represent the plaintiff

on the drug charges. Eisenbeck was assigned as the prosecutor on the case. On May 28, 2010, the plaintiff pled guilty to the drug charges and received a suspended sentence of four years. Soon thereafter, he filed a motion to withdraw his guilty plea which is currently pending before the trial court.

The plaintiff claims that he was the victim of an illegal arrest. He further claims that the cocaine seized from his vehicle should have been suppressed, that the police officers offered perjured testimony to the trial court, that Wilder has been ineffective in his representation of the plaintiff and that the defendants conspired against him to have the plaintiff convicted on the drug charges.

A prisoner does not state a cognizable claim under the civil rights statutes if a ruling on his claims would necessarily render his continued confinement or conviction invalid, until and unless the conviction or confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus.[1] <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2372 (1994).

Nowhere in the complaint does the plaintiff suggest that he has already successfully tested the validity of his drug conviction

---

[1] Although the plaintiff was given a suspended sentence, the suspended sentence is subject to possible revocation in the future or use as an enhancement factor in a subsequent criminal prosecution.

in either a state or federal court. In fact, the plaintiff admits that he has a motion to withdraw his guilty plea pending in the state criminal court. Therefore, the plaintiff's claims are not yet cognizable in a civil rights action.

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge